IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael S. Gorbey,<br><br>                       Plaintiff,<br><br>v.<br><br>United States; Federal Bureau of Prisons; Sharteer, *Chaplain FCI Edgefield SC*; Mrs. Blakney, *Executive Assistant FCI Edgefield SC*; Lt. Adkison, *FCI Edgefield SC*; Tami Cassaro, *Attorney FCI Edgefield* SC; Bryant, *Trust Fund Supervisor FCI Edgefield* SC; Mrs. Francis, *Case manager C Unit FCI Edgefield SC*; Mr. Davis, *Case Manager C Unit FCI Edgefield SC*; Assistant Warden Programs, *FCI Edgefield SC*; and Morallus, *Captain FCI Edgefield SC*,<br><br>                       Defendants. | C/A No. 0:16-3112-JFA-PJG<br><br><br>**ORDER** |

On or about September 14, 2016, Michael S. Gorbey ("Plaintiff") filed this action against Defendants.[1] (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. On October 28, 2016, service of process was authorized and the Plaintiff's pleadings were construed to assert the following claims: (1) "Violation of the First Amendment pursuant to *Bivens v. Six Unkown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); against Defendants Adkison, Sharteer, and Bryant"; (2) "Violation of the Fifth Amendment pursuant to *Bivens v. Six Unkown Agents of Fed. Bureau of*

---

[1] The complaint listed the following Defendants: United States; Federal Bureau of Prisons; Sharteer, *Chaplain FCI Edgefield SC*; Mrs. Blakney, *Executive Assistant FCI Edgefield SC*; Lt. Adkison, *FCI Edgefield SC*; Tami Cassaro, *Attorney FCI Edgefield SC*; Bryant, *Trust Fund Supervisor FCI Edgefield SC*; Mrs. Francis, *Case manager C Unit FCI Edgefield SC*; Mr. Davis, *Case Manager C Unit FCI Edgefield SC*; Assistant Warden Programs, *FCI Edgefield SC*; Morallus, *Captain FCI Edgefield SC*. (ECF No. 1).

1

*Narcotics*, 403 U.S. 388 (1971); against Defendants Davis, Francis, and Cassaro"; (3) "Violation of the Eighth Amendment pursuant to *Bivens v. Six Unkown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); against Defendants Jones and Adkison"; and (4) "A claim of negligence against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346." (ECF No. 11 p. 2). Plaintiff did not object to the order.

On or about January 30, 2017, Plaintiff filed a motion for summary judgment. (ECF No. 20). On February 10, 2017, all Defendants moved for summary judgment. (ECF No. 22). Because Plaintiff is proceeding pro se, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and the need for him to file an adequate response. (ECF No. 24). On or about March 13, 2017, Plaintiff filed a motion for extension of time as he argued that he had not been served with Defendants' motion. (ECF No. 29). The Magistrate Judge granted Plaintiff's request, ordered Defendants to serve an additional copy of their motion for summary judgment, and allowed an additional forty-five days for Plaintiff to respond to Defendants' motion. (ECF No. 31). Plaintiff filed a response in opposition on or about March 27, 2017. (ECF No. 36). On April 3, 2017, Defendants filed a reply to Plaintiff's response. (ECF No. 38). On April 19, 2017, Plaintiff filed a sur-reply. (ECF No. 43).

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and stated that this Court should deny Plaintiff's motion for summary judgment and grant Defendants'. (ECF No. 45). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

a recitation. The parties were advised of their right to object to the Report, which was entered on the docket and mailed to Plaintiff on July 6, 2017. (ECF Nos. 45–46). The Magistrate Judge gave the parties fourteen days from the date of service to file objections; however, no objections were filed. Thus, this matter is ripe for the Court's review.

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 45) and incorporates it by reference herein.

The Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 20) and **GRANTS** Defendants' motion for summary judgment (ECF No. 22).

**IT IS SO ORDERED.**

August 22, 2017　　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　　United States District Judge